UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-01-KKC

ABDUS-SHAHID M. S. ALI                                                              PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                                      DEFENDANTS

   The plaintiff, an inmate currently confined at the Medical Center Federal Penitentiary in Springfield, Missouri, has filed a complaint pursuant to the Federal Tort Claims Act, the Religious Freedom Restoration Act/the Protection of Religious Land Use and Institutionalized Persons Act at Chapter 21C, 42 U.S.C. §2000bb-1, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

   The plaintiff alleges that from April 16 through 19, 2004, while he was confined at the United States Penitentiary-Big Sandy at Inez, Kentucky, his First Amendment right to freely exercise his religious beliefs, his First Amendment right of access to the courts, and his Fifth and Fourteenth due process protections were violated as a result of the disappearance of his personal property.

   The named defendants are Federal Bureau of Prisons officials: Director Harley Lappin; Mid-Atlantic Regional Director "John or Jane Doe"; U.S.P.-Big Sandy Warden Dan Dove; and U.S.P.-Big Sandy R. & D. Staff Officer C. Franklin.

   Damages and costs are sought by the plaintiff.

## CAPACITY

   The plaintiff has insufficiently pled the capacity in which he is suing the named defendants.

*Hurst v. Fentress County Tenn., et. al*, 229 F.3d 1152, 2000 WL 1206520 (6th Cir. (Tenn.)) (Unpublished Opinion). Generally, a plaintiff must designate in which capacity an individual defendant is being sued; and if the complaint does not so state, then by operation of law the individual is deemed to have been sued in his or her official capacity. *See Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). The allegations in this complaint establish that the plaintiff is suing the individual federal employee defendants in their official capacities for actions they allegedly have taken in the course of their employment. An official capacity claim filed against a public employee is the equivalent to a lawsuit directed against the public entity which that agent represents. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997). Thus, this action is deemed to have been brought against the United States of America for damages.

## SOVEREIGN IMMUNITY

The plaintiff may not avoid the bar of sovereign immunity when he names as defendants individual federal officers of the United States. *Ecclesiastical Order of the Ism of Am v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)). When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975). The plaintiff's claims against each of the defendants in their official capacities for damages must be dismissed.

## FEDERAL TORT CLAIMS ACT

The plaintiff asserts he is bringing a Federal Tort Claims Act claim.

The United States is the only proper party defendant in an action brought pursuant to the

Federal Tort Claims Act. *Mars v. Hanberry*, 752 F.2d 254 (6th Cir. 1985). As the plaintiff has failed to name the United States as a defendant, this district court is without jurisdiction over his claims. *Id.*; *see also Underwood v. United States Postal Service*, 742 F.Supp. 968 (M.D. Tenn. 1990).

## RELIGIOUS FREEDOM RESTORATION ACT

The plaintiff alleges he brings this action pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §2000bb *et seq*. The Supreme Court has deemed the RFRA unconstitutional as applied to states and localities. *Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). Moreover, because the RFRA is not a waiver of sovereign immunity, a prisoner cannot assert a claim for monetary damages against federal prison officials in their official capacities under the Act. *Tinsley v. Pittari*, 952 F.Supp. 384 (N.D. Texas 1996).

## *BIVENS* CLAIMS

The plaintiff alleges that his First Amendment right to freely exercise his Muslim religion was violated; his First Amendment right of access to the courts was violated; and his Fifth Amendment due process rights were violated because his lost personal property including Islamic religious materials and legal materials. He alleges these materials were taken by unspecified persons in retaliation for his adherence to the Muslim faith.

The plaintiff fails to identify as a defendant any person allegedly responsible for having intentionally stolen or illegally disposed of his missing personal property. A civil rights complaint must allege that specific conduct by the defendant was the proximate cause of the injury. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 26th day of April, 2005.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**